LATHROP & GAGE LLP
Thomas H. Curtin (TC-5753)
Thomas J. FitzGerald (TF-2426)
230 Park Avenue
Suite 1847
New York, New York 10169
(212) 850-6220



### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X

COMMERCIAL FURNITURE GROUP,
INC.,

                    Plaintiff,

                  vs.

THONET GMBH,
GEBRUEDER THONET VIENNA S.P.A.,
CONRAN SHOP and
THE ICF GROUP,

                    Defendants.

------------------------------------------------------X

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

**FIRST AMENDED COMPLAINT**
**JURY TRIAL DEMAND**

Civil Action No. 09-CV-5251 (NRB)
ECF Case

Plaintiff, Commercial Furniture Group, Inc., by its undersigned attorneys, Lathrop & Gage LLP, as and for its Complaint alleges as follows:

### Parties

1.    Plaintiff Commercial Furniture Group, Inc. ("CFG", "CF Group" or "Plaintiff") is a Delaware corporation with a place of business at 10650 Gateway Boulevard, St. Louis, Missouri, 63132. Plaintiff manufactures and sells furniture.

2.    Defendant Gebrueder Thonet Vienna S.p.A. ("Gebrueder") is an Italy Société Par Actions having offices at Via Pietro Cossa, 2 I-20122 Milano, Italy.

Gerbruder's domestic representative in the United States is Stacey R. Halpern, Knobbe Martens Olson & Bear LLP, 2040 Main Street, 14th Floor, Irvine, California, 92614. Gebrueder manufactures and sells furniture.

3.     Defendant Thonet GmbH ("GMBH") is a German company having a place of business at Michael-Thonet-Straße 1, D - 35066 Frankenberg, Germany. Defendant has a "partner" in the United States, to-wit: ICF Group, 19 Ohio Avenue, Norwich, Connecticut, 06360.  GMBH manufactures and sells furniture.

4.     Conran Shop is a New York corporation with a principal place of business at 407 East 59th Street., New York, New York, 10022.  Conran Shop is in the business of selling furniture which competes with the lines offered by CF Group.

5.     The ICF Group is a New York corporation with a principal place of business at 920 Broadway, New York, New York, 10010.  The ICF Group is in the business of selling furniture which competes with the lines sold by CF Group.

**Jurisdiction and Venue**

6.     This Court has jurisdiction of this case under 15 U.S.C. §1121 and 28 U.S.C. § §1338 (a) and (b), because Plaintiff, in Counts I and II, asserts trademark infringement and unfair competition claims under the Federal Trademark Act of 1946, as amended, 15 U.S.C. §§1114 and 1125(a), respectively, and, in Counts III and IV, asserts deceptive trade practices and unfair competition under New York statutory and common law, which are related to and arise out of the same operative facts as the federal trademark and unfair competition claims claims.  The Court, thus, has supplemental jurisdiction over Counts III and IV pursuant to 28 U.S.C. § 1367.

7.      Venue is proper in this district under 28 U.S.C § 1391(b) and (c), because all of the defendants are doing business in New York and the infringing advertisements, catalogs, and sales are being made, distributed, used or displayed in New York.

8.      GMBH, Gebrueder, and their representatives are subject to service of process under Rule 4, Fed. R. Civ. P. and the C.P.L.R. §302(a)(1)(2) and (3) because they regularly transact business within the State of New York, have committed a tortious act within the State of New York, and/or have committed a tortious act outside the State of New York causing injury within the State of New York.

## Background and General Allegations

9.      Plaintiff is the owner of U.S. Trademark Registration No. 543,265 of the mark THONET, which issued on June 5, 1951 covering "furniture—namely, chairs, stools, shoe fitting stools, settees, sofas, tables, occasional tables, card tables, servers." A copy of the registration is attached as **Exhibit 1**.   As shown by the prior registration certificate attached as **Exhibit 2**, the registration of the THONET mark was originally owned by Thonet Brothers, Inc, which assigned it to Thonet Industries, Inc.  As further shown by Exhibit 1, Thonet Industries, Inc. changed its name to Shelby Williams Industries, Inc.   On December 22, 2005, Shelby Williams Industries, Inc. merged into Plaintiff, as shown by **Exhibit 3**, which merger was duly recorded in the United States Patent and Trademark Office on March 10, 2006, at Reel 3264, Frame 0725.    The registration, Exhibit 1, is now owned by Plaintiff and was renewed in 1991 and 2001.

10.      Plaintiff is the owner of U.S. Trademark Registration No. 3,426,370 of the mark THONET, issued May 13, 2008, covering "chairs, sofas, sofa beds, tables and ottomans." A copy of the certificate of registration is attached as **Exhibit 4**.

3

11.    Plaintiff has continuously and exclusively used the mark THONET in the United States since 1951 or over 57 years on the goods covered by Registration Nos. 543,265 and 3,426,370.

12.    Plaintiff has complied with the marking requirements of 15 U.S.C. §1111.

13.    Plaintiff recently learned that Defendants have been using the mark THONET in commerce in the United States in connection with furniture in the following ways, to-wit:

(a)   Defendants have been promoting and advertising THONET furniture in the United States, including New York, via catalogs bearing the mark;

(b)   Defendants have named "partners" or representatives in the United States through which furniture bearing the mark THONET may be purchased by consumers in the United States;

(c)   Defendants have marketed, promoted, and offered to sell furniture bearing the mark THONET in the United States;

(d)   On information and belief, Defendantss have sold furniture bearing the mark THONET in the United States;

14.    Plaintiff's THONET mark is strong, having been long registered and used in the United States.  Registration No. 543,265 has become incontestable by operation of law pursuant to 15 U.S.C. § 1065.

15.    Defendants are using the THONET mark in the United States. Defendants' mark is identical to Plaintiff's THONET mark and is used on or in connection with goods, namely furniture, that are identical or substantially the same as the goods on or in connection with which Plaintiff uses the THONET mark.

4

16.     Plaintiff's and Defendants' respective furniture products compete with one another in the marketplace and are offered for sale and sold to the same class of consumers interested in purchasing furniture.

17.     Defendants' use of the THONET mark has created a likelihood of confusion as to the source, association, and sponsorship of Plaintiff's and Defendants' furniture products and commercial activities.

18.     Plaintiff is suffering, and will in the future suffer, irreparable harm unless Defendants are enjoined from using the THONET mark in the United States in connection with furniture and other related goods and services.

## Count I
## 15 U.S.C. §1114

19.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 16 above.

20.     Defendants have, without the consent of Plaintiff, used the THONET mark in commerce in the United States in the form of reproductions, counterfeits, copies, or colorable imitations of Plaintiff's registered THONET mark in connection with the sale, offering for sale, distribution, and advertising of furniture; such use is likely to cause confusion, mistake, or deception under 15 U.S.C. §1114(1)(a).

21.     Defendants, without the consent of Plaintiff, reproduced, counterfeited, copied, or used a colorable imitation of Plaintiff's registered THONET mark and applied such reproductions, counterfeits, copies, or colorable imitations to labels, tags, signs, prints, packages, catalogs, brochures, web sites, or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or

5

advertising of furniture; such use is likely to cause confusion, mistake, or deception under 15 U.S.C. §1114(1)(b).

22.    Defendants' acts appear to have been committed with knowledge of Plaintiff's registrations and Plaintiff's use of the THONET mark in the United States, and, if so, such acts were infringements and imitations that were intended to cause confusion, mistake, or deception.

23.    Plaintiff is entitled to an injunction under 15 U.S.C. §1116; damages, profits, costs, and attorney fees under 15 U.S.C. §1117; and other remedies, including destruction of infringing articles under 15 U.S.C. §1118.

24.    Plaintiff is entitled to a preliminary and permanent injunction for the following reasons: (a) Plaintiff will likely succeed on the merits; (b) Plaintiff has no adequate remedy at law, and it is suffering and will in the future suffer irreparable harm if Defendants are not enjoined; (c) a balancing of the harms shows that the harm caused to Plaintiff in the absence of an injunction is greater than the harm caused to Defendants by an injunction; and (d) the public interest is best served by an injunction, because likely confusion, mistake, and deception will be avoided.

25.    As a direct result, Plaintiff has also suffered monetary damages, loss of reputation, and diminution of the goodwill of its THONET mark.

**Count II**
**15 U.S.C. § 1125**

26.    Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 25 above.

27.    Defendants have, without the consent of Plaintiff, used Plaintiff's THONET mark on or in connection with the offering for sale and sale of furniture and in

6

the promotion and advertising of furniture, and such use is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff as to the source, origin, sponsorship, or approval by Plaintiff of the Defendants' furniture and other goods, services, and commercial activities under 15 U.S.C. §1125(a)(1)(A).

28.     Defendants have, without the consent of Plaintiff, used words, terms, names, symbols, devices, false designations of origin, false or misleading descriptions of fact, false or misleading representations of fact, and/or combinations thereof, that are likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff as to the origin, sponsorship, or approval of the furniture and other goods, services, and commercial activities of Defendants and Plaintiff under 15 U.S.C §1125(a)(1)(A).

29.     Defendants' acts appear to be willful and intentional, and, if so, were committed with intent to cause confusion, mistake, or deception.

30.     Plaintiff is entitled to an injunction under 15 U.S.C. §1116; damages, profits, costs, and attorney fees under 15 U.S.C. §1117; and other remedies, including destruction of infringing articles under 15 U.S.C. §1118.

31.     Plaintiff is entitled to a preliminary and permanent injunction for the following reasons: (a) Plaintiff will likely succeed on the merits; (b) Plaintiff has no adequate remedy at law, and it is suffering and will in the future suffer irreparable harm if Defendants are not enjoined; (c) a balancing of the harms shows that the harm caused to Plaintiff in the absence of an injunction is greater than the harm caused to Defendants by

an injunction; and (d) the public interest is best served by an injunction, because confusion will be avoided.

32.     As a direct result, Plaintiffs has also suffered monetary damages, loss of reputation, and diminution of the goodwill of its THONET mark.

## COUNT III
### Deceptive Acts and Practices Under
### New York State General Business Law §349

33.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 32 above.

34.     Defendants' acts constitute deceptive acts and practices under the statutory law of New York.

35.     As a direct result of Defendants' acts, Plaintiff has and will continue to suffer irreparable harm unless Defendants are enjoined.

36.     As a direct result, Plaintiff has also suffered monetary damages, loss of reputation, and diminution of its goodwill and that of the THONET marks.

37.     Defendants' deceptive acts and practices of infringement were willful and intentional.

38.     Plaintiff has no adequate remedy at law.

39.     In view of the above and in accordance with General Business Law Section 349 (h) and due to the Defendants' willful misconduct, Plaintiff requests an award of actual damages and statutory damages as against each of the Defendants.

NYDOCS 65427v1

## COUNT IV
### Trademark Infringement and
### Unfair Competition Under New York State Common Law

40.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 39 above.

41.     Defendants' acts constitute unfair competition under the common law of New York.

42.     As a direct result of Defendants' acts, Plaintiff has and will continue to suffer irreparable harm unless Defendants are enjoined.

43.     As a direct result, Plaintiff has also suffered monetary damages, loss of reputation, and diminution of its goodwill and that of the THONET marks.

44.     Defendants' acts and infringement were willful and intentional.

45.     Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks for the following orders and judgments of the Court:

(A)     Under 15 U.S.C. §1116 and Fed. R. Civ. P. 65, first preliminarily and then permanently enjoining Defendants, their officers, agents, servants, employees, attorneys, successors, and assigns, as well as all persons in active concert or participation with them who receive actual notice of the injunction by personal service or otherwise, from in any way using Plaintiff's THONET mark;

(B)     Awarding Plaintiff damages, profits and costs under 15 U.S.C. §1117;

(C)     That any award of damages herein be trebled as allowed under 15 U.S.C. §1117;

NYDOCS 65427v1

(D)     That the Court declare this an exceptional case under 15 U.S.C. §1117 and that Plaintiff have an award of reasonable attorney's fees as a result of Defendants' willful acts which continued after reasonable and continued notice thereof;

(E)     Pursuant to Section 349(h) of the General Business Law, a judgment awarding Plaintiff $1,000.00 in statutory damages as well as reasonable attorney's fees against Defendants due to their deceptive business practices in an amount to be determined by the Court at the conclusion of this action;

(F)     Awarding Plaintiff damages, costs and attorney's fees under New York common law in an amount to be determined by the Court at the conclusion of this action;

(G)     Destroying any infringing goods, advertisements, and packaging under 15 U.S.C. §1118;

(H)     Awarding Plaintiff prejudgment interest; and

(I)     Such other and further relief as the Court deems just and proper in this case.

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

Dated: June 9, 2009          LATHROP & GAGE LLP
       New York, New York

Thomas H. Curtin (TC-5753)
Thomas J. FitzGerald (TF-2426)
Lathrop & Gage LLP
230 Park Avenue, Suite 1847
New York, NY 10169
Telephone:  (212) 850-6220
Telecopier:  (212) 850-6221

10

and

John T. Walsh
Lathrop & Gage LLP
10 South Broadway, Suite 1300
St. Louis, MO 63102-1708
Telephone:  (314) 613-2500
Facsimile:   (314) 613-2550

*Attorneys for Plaintiff Commercial
Furniture Group, Inc.*

11

EXHIBIT 1

Int. Cl.: 20

Prior U.S. Cl.: 32

United States Patent and Trademark Office

10 Year Renewal

Reg. No. 543,265

Registered June 5, 1951

Renewal Approved Mar. 26, 1991

## TRADEMARK
## PRINCIPAL REGISTER

# THONET

SHELBY WILLIAMS INDUSTRIES, INC.
(DELAWARE CORPORATION)
P.O. BOX 3442
CHICAGO, IL 60654, BY CHANGE OF
NAME AND MESNE ASSIGNMENT
THONET INDUSTRIES INC (DELA-
WARE CORPORATION) NEW YORK,
NY

OWNER OF U.S. REG. NOS. 54,066,
433,309 AND OTHERS.

SEC. 2(F).

FOR: FURNITURE—NAMELY,
CHAIRS, STOOLS, SHOE FITTING
STOOLS, SETTEES, SOFAS, TABLES,
OCCASIONAL TABLES, CARD TABLES,
SERVERS, IN CLASS 32 (INT. CL. 20).

FIRST-USE 0-0-1881; IN COMMERCE
0-0-1881.

SER. NO. 71–568,408, FILED 11-8-1948.

*In testimony whereof I have hereunto set my hand
and caused the seal of The Patent and Trademark
Office to be affixed on May 7, 1991.*

COMMISSIONER OF PATENTS AND TRADEMARKS

# EXHIBIT 2

Registered June 5, 1951

Registration No. 543,265

## PRINCIPAL REGISTER
### Trade-Mark

# UNITED STATES PATENT OFFICE

Thonet Brothers, Inc., New York, N. Y., assignor
to Thonet Industries Inc., New York, N. Y., a
corporation of Delaware

Act of 1946

Application November 8, 1948, Serial No. 563,408

# THONET

## STATEMENT

Thonet Brothers, Inc., a corporation duly organized under the laws of the State of New York, located at New York, New York, and doing business at 1 Park Avenue, New York 16, N. Y., has adopted and is using the trade-mark shown in the accompanying drawing, for FURNITURE—NAMELY, CHAIRS, STOOLS, SHOE FITTING STOOLS, SETTEES, SOFAS, TABLES, OCCASIONAL TABLES, CARD TABLES, SERVERS—in Class 32, Furniture and upholstery, and presents herewith five specimens showing the trademark as actually used in connection with such goods, the trade-mark being applied to tags or labels affixed to the goods, and requests that the same be registered in the United States Patent Office on the Principal Register in accordance with section 2(f) of the act of July 5, 1946.

The trade-mark was first used in 1881 and first used in commerce in 1881 which may lawfully be regulated by Congress in 1881.

Applicant is the owner of Reg. No. 54,066, Thonet Brothers, Inc., registered June 19, 1906 (renewed); Reg. No. 226,806, Thonet Brothers, Inc., registered April 17, 1927 (renewed); Reg. No. 226,807, Thonet Brothers, Inc., registered April 17, 1927 (renewed); Reg. No. 230,583, Thonet-Warner Company, registered August 2, 1927 (renewed); Reg. No. 430,883, Thonet Brothers, Inc., registered July 1, 1947; Reg. No. 432,802, Thonet Brothers, Inc., registered September 16, 1947; and Reg. No. 433,309, Thonet Brothers, Inc., registered October 7, 1947 (republished).

The mark is claimed to have become distinctive of the applicant's goods in commerce which may be lawfully regulated by Congress through substantially exclusive and continuous use thereof as a mark by applicant in commerce which may lawfully be regulated by Congress for the five years next preceding the date of the filing of this application.

Proof of distinctiveness under section 2(f) of the act is supplemented by further evidence submitted in this case.

THONET BROTHERS, INC.,
By J. O. ALLINA,
*Secretary.*

# EXHIBIT 3

# Delaware

PAGE  1

### The First State

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT COPY OF THE CERTIFICATE OF OWNERSHIP OF "COMMERCIAL FURNITURE GROUP, INC.", FILED IN THIS OFFICE ON THE TWENTY-THIRD DAY OF DECEMBER, A.D. 2005, AT 9:28 O'CLOCK P.M.

AND I DO HEREBY FURTHER CERTIFY THAT THE EFFECTIVE DATE OF THE AFORESAID CERTIFICATE OF OWNERSHIP IS THE THIRTY-FIRST DAY OF DECEMBER, A.D. 2005, AT 11:59 O'CLOCK P.M.

*Harriet Smith Windsor*
Harriet Smith Windsor, Secretary of State

0798607  8100

060099318

AUTHENTICATION: 4494890

DATE: 02-02-06

12-13-2005  18:08    2136149179                                    PAGE  19/19

*State of Delaware*
*Secretary of State*
*Division of Corporations*
*Delivered 09:49 PM 12/23/2005*
*FILED 09:28 PM 12/23/2005*
*SRV 051060064 – 0798607 FILE*

# STATE OF DELAWARE
## CERTIFICATE OF OWNERSHIP

SUBSIDIARY INTO PARENT
Section 253

### CERTIFICATE OF OWNERSHIP
### MERGING

Shelby Williams Industries, Inc.
INTO
Commercial Furniture Group, Inc.

(Pursuant to Section 253 of the General Corporation Law of Delaware)

Commercial Furniture Group, Inc. (the "Corporation"), a corporation incorporated on the 8th day of February, 1974, pursuant to the provisions of the General Corporation Law of the State of Delaware;

DOES HEREBY CERTIFY that the Corporation owns 100% of the capital stock of Shelby Williams Industries, Inc., a corporation incorporated on the 3rd day of February, 1976 A.D., pursuant to the provisions of the laws of the State of Delaware, and that the Corporation, by a resolution of its Board of Directors duly adopted at a meeting held on the 21st day of December, 2005 A.D., determined to and did merge into itself said Shelby Williams Industries, Inc., which resolution is in the following words to wit:

WHEREAS the Corporation lawfully owns 100% of the outstanding stock of Shelby Williams Industries, Inc., a corporation organized and exiting under the laws of Delaware, and

WHEREAS the Corporation desires to merge into itself the said Shelby Williams Industries, Inc. on December 31, 2005 at 11:59 p.m., and to be possessed of all the estate, property, rights, privileges and franchises of said corporation,

NOW, THEREFORE, BE IT RESOLVED, that the Corporation merge into itself said Shelby Williams Industries, Inc. on December 31, 2005 at 11:59 p.m. and assumes all of its liabilities and obligations, and

FURTHER RESOLVED, that an authorized officer of the Corporation be and he/she is hereby directed to make and execute a certificate of ownership setting forth a copy of the resolution to merge said Shelby Williams Industries, Inc. and assume its liabilities and obligations, and the date of adoption thereof, and to file the same in the office of the Secretary of State of Delaware, and a certified copy thereof in the office of the Recorder of Deeds of New Castle County; and

LA1:#6315240v2

**FURTHER RESOLVED**, that the officers of this corporation be and they hereby are authorized and directed to do all acts and things whatsoever, whether within or without the State of Delaware; which may be in any way necessary or proper to effect said merger.

**IN WITNESS WHEREOF**, said parent corporation has caused its corporate seal to be affixed and this certificate to be signed by an authorized officer this 22nd day of December, 2005 A.D.

COMMERCIAL FURNITURE GROUP, INC.

By: _____

Neal Restivo
Vice President and Chief Financial Officer

LA1:#6313240

EXHIBIT 4

Int. Cl.: 20

Prior U.S. Cls.: 2, 13, 22, 25, 32 and 50

United States Patent and Trademark Office

Reg. No. 3,426,370
Registered May 13, 2008

## TRADEMARK
### PRINCIPAL REGISTER

# THONET

COMMERCIAL FURNITURE GROUP, INC. (DE-
LAWARE CORPORATION), DBA FALCON
PRODUCTS, INC.

10650 GATEWAY BOULEVARD

ST. LOUIS, MO 63132

FOR: CHAIRS, SOFAS, SOFA BEDS, TABLES AND
OTTOMANS, IN CLASS 20 (U.S. CLS. 2, 13, 22, 25, 32
AND 50).

FIRST USE 1-1-1881; IN COMMERCE 1-1-1881.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NO. 226,806.

SEC. 2(F).

SER. NO. 77-268,555, FILED 8-30-2007.

LANA PHAM, EXAMINING ATTORNEY